UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL HUERTA, Administrator,<br>Federal Aviation Administration,<br>    Petitioner,<br><br>v.<br><br>AUSTIN HAUGHWOUT and<br>BRET HAUGHWOUT,<br>    Respondents. | Case No. _____<br>3:16mc20(JAM)<br><br><br><br><br><br>February 11, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PETITION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA</u>**

The petitioner, Michael Huerta, Administrator, Federal Aviation Administration ("FAA"), through undersigned counsel, submits this memorandum of law in support of his petition seeking the summary enforcement of two administrative subpoenas (the "Subpoenas") with which the respondents have failed to comply. As set forth in greater detail below, the Subpoenas were properly served upon the respondents and seek information relevant to the FAA's investigation into the respondents' use of unmanned aircraft on or around their property in Clinton, Connecticut. The petitioner therefore respectfully urges the court to issue an order enforcing the Subpoenas.

**I.    BACKGROUND**

On July 10, 2015, a video titled "Flying Gun" was uploaded to YouTube by a user with the name "Hogwit." See "Flying Gun," available at https://youtu.be/xqHrTtvFFIs (last accessed February 10, 2015). That video, since viewed over 3.5 million times, shows an unmanned aircraft system (a "UAS," commonly referred to as a drone) in flight and the firing of a handgun which has been attached to the UAS. Id. The description of

the video states, in pertinent part: "Homemade multirotor with a semiautomatic handgun mounted on it." Id.

The video made national news, and local reporting indicated that the video was uploaded by Austin Haughwout, one of the respondents. See K. Naples & M. Campbell, "Gun-Firing Drone Video May Have Been Produced in CT," WFSB, July 17, 2015, http://www.wfsb.com/story/29575151/gun-firing-drone-video-may-have-been-produced-in-ct. Bret Haughwout, the other respondent and Austin Haughwout's father, told local media that his son built the UAS and that the video in question "was shot on their property in Clinton, Connecticut." D. Corcoran & B. Connors, "Father Says 'Flying Gun' Drone Video Broke No Law," NBC Connecticut, July 22, 2015, http://www.nbcconnecticut.com/news/local/FAA-Police-Investigate-Drone-Gun-Clinton-Connecticut-Video-316368531.html.

The FAA subsequently opened an investigation, and on November 5, 2015, the FAA issued two subpoenas directed to Austin Haughwout and Bret Haughwout seeking their depositions and, among other things, information regarding the UAS used in the "Flying Gun" video. (Decl. of Brendan Kelly, Feb. 10, 2016 (the "Kelly Decl."), at ¶¶4-6 & Ex. 1, 2.) In response, Bret Haughwout contacted counsel from the FAA by telephone and again via email and indicated that neither he nor his son would comply with the November 5, 2015 subpoenas and would not appear on November 30, 2015, as directed. (Id. ¶6 & Ex. 3.) On November 24, 2015, the FAA canceled the November 5, 2015 subpoenas, which compelled compliance at the FAA's offices in Burlington, Massachusetts, and issued new subpoenas seeking production of the same documents, as

well as depositions of the respondents, but compelling compliance at the United States Attorney's Office in New Haven, Connecticut, on December 7, 2015. (Id. ¶7 & Ex. 4, 5.) On November 30, 2015, counsel for the FAA spoke again with Bret Haughwout, who reiterated that neither he nor his son would comply with the FAA's subpoenas or appear at the December 7, 2015 depositions. (Id. ¶8.) As promised, the respondents did not appear on that date, and no deposition was convened at that time. (Id. ¶9.)

Also on December 7, 2015, another video was uploaded to the same YouTube channel by the same user. This video, titled "Roasting the Holiday Turkey," shows a flamethrower attached to a UAS in flight burning a turkey suspended on a spit over a fire. See "Roasting the Holiday Turkey," available at https://youtu.be/lmD3rXUR1Tw (last accessed February 10, 2016). The video appears to have been shot in a similar wooded area as the "Flying Gun" video and features the logo of the HobbyKing.com website throughout. See id.

The FAA then expanded its investigation to include the use of the UAS in this video as well, and on December 17, 2015, the FAA issued the two Subpoenas at issue in this petition, which were served upon Austin Haughwout and Bret Haughwout via Federal Express to their home in Clinton, Connecticut. (Kelly Decl. ¶11 & Ex. 6, 7.) The Subpoenas again commanded the respondents to appear for depositions and also sought certain information from the respondents covering a two-year period and involving their use of UAS, including but not limited to the UAS shown in the "Flying Gun" and "Roasting the Holiday Turkey" videos described above.[1] (Id. ¶12.)

---

[1] Specifically, the Subpoenas sought production of documents relating to:

3

Pursuant to the Subpoenas, the deposition of Bret Haughwout was scheduled for January 8, 2016, at 10:00 a.m., and the deposition of Austin Haughwout was scheduled for the same day at 11:00 a.m. (See Ex. 6, 7 to the Kelly Decl.) Counsel for the FAA convened both depositions at the scheduled times, but neither deponent appeared. (Kelly Decl. ¶14 & Ex. 8, 9.) Counsel nevertheless made a record of the respondents' noncompliance and marked copies of the Subpoenas and delivery confirmation receipts establishing service of the Subpoenas upon the respondents by Federal Express three weeks prior to the scheduled depositions. (Id.)

The respondents have not contacted the FAA since service of the Subpoenas, they have not produced any documents in response to the Subpoenas, and they have otherwise failed to comply with the Subpoenas. (Id. ¶15.) They have offered no explanation for their noncompliance. (Id.)

---

(1) The use of an unmanned aircraft system (UAS);
(2) The purchase and/or use of a flamethrower in conjunction with a UAS;
(3) Internet-based advertisement revenues and/or other compensation obtained by the respondents associated with uploading and/or posting UAS content to www.YouTube.com and/or other video sharing websites;
(4) The date and time of any aerial photographic and/or videography projects conducted by the respondents, using a UAS;
(5) Aerial photographic and/or videography products and/or materials and records obtained through the use or assistance of a UAS relating to any property, building, and/or site;
(6) The brand, model, description, and other identifying data concerning the UAS used for any operation identified in relation to the paragraphs set forth above;
(7) The name, address, telephone number(s), email address(es), and other contact information available of all person(s) present during the production of the following YouTube videos published to the account "Hogwit":
    a. "Flying Gun" published to YouTube on or about July 10, 2015; and
    b. "Roasting the Holiday Turkey" published to YouTube on or about December 7, 2015.

(Kelly Decl. Ex. 6, 7.)

4

## II. ARGUMENT

### A. Legal Standard

This court has jurisdiction over the FAA's petition pursuant to 28 U.S.C. § 1331 because the petition to enforce arises under federal law, namely 49 U.S.C. § 46104(b), which authorizes the FAA to "petition a court of the United States to enforce the" Subpoenas. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the respondents reside in this judicial district.

With respect to the merits,

> [t]he courts' role in a proceeding to enforce an administrative subpoena is extremely limited. . . . To win judicial enforcement of an administrative subpoena, the [agency] must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the [Administrator's] possession, and [4] that the administrative steps required . . . have been followed . . . .

RNR Enterprises, Inc. v. S.E.C., 122 F.3d 93, 96-97 (2d Cir. 1997) (citations omitted; internal quotation marks omitted); see also id. at 97 ("The respondent opposing enforcement must shoulder the burden of showing that the subpoena is unreasonable or was issued in bad faith or for an improper purpose, or that compliance would be unnecessarily burdensome.").

### B. The Subpoenas are Prima Facie Valid and Enforceable

Application of the Second Circuit's four-factor test compels summary enforcement of the Subpoenas:

First, the Subpoenas were served on the respondents in connection with an investigation that is being conducted for a legitimate purpose, namely, ensuring the safe

5

operation of aircraft subject to the authority of the FAA. Pursuant to 49 U.S.C. § 46104(a), the Administrator of the FAA may subpoena witnesses and records in connection with an FAA investigation, and pursuant to § 46104(c), the FAA "may order a person to give testimony by deposition and to produce records." The FAA is exercising this power to investigate potential violations of its regulations, which provide that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 14 C.F.R. § 91.13; see also 14 C.F.R. § 1.1 (defining "aircraft" as "a device that is used or intended to be used for flight in the air"). The investigation pursuant to which the Subpoenas were served therefore is being conducted pursuant to a legitimate purpose.

Second, the material requested in the Subpoenas is relevant to that purpose. "[C]ourts have defined relevance quite broadly," and so long as the requested material "touches a matter under investigation," the material is sufficiently relevant. See Feiner v. U.S. S.E.C., 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012) (internal quotation marks omitted). Based on media reports, the FAA believes that the respondents have built and/or operated at least two UAS carrying weapons with the capability of causing serious injury to a person or property. The material sought regarding the respondents' UAS use therefore is relevant to the FAA's investigation, and the requests are narrowly tailored to meet that purpose.[2]

---

[2] Moreover, a court is required to "defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." RNR Enterprises, Inc. v. S.E.C., 122 F.3d 93, 97 (2d Cir. 1997) (internal quotation marks omitted). The FAA has determined that the information sought by the Subpoenas is relevant to its investigation; see Kelly Decl. ¶13; and the court should give effect to that determination.

<u>Third</u>, the FAA represents that it does not already possess any of the information requested in connection with the Subpoenas. (Kelly Decl. ¶13.)

<u>Fourth</u>, the proper procedural requirements for issuance and service of the Subpoenas have been met. Specifically, the Subpoenas were issued by Peter J. Lynch, Assistant Chief Counsel, under authority legally delegated to him by the Administrator. The Subpoenas were served via Federal Express to the respondents' home, and delivery confirmation receipts were marked in connection with the respondents' depositions.

## III. CONCLUSION

The FAA's Subpoenas in this matter seek material relevant to a legitimate investigatory purpose, which material is not already in the possession of the FAA, and the Subpoenas were properly issued and served in accordance with the FAA's procedures. The Subpoenas are narrowly tailored to serve the purposes of the FAA's investigation, and the respondents can make no showing that compliance with the Subpoenas would be unduly burdensome. The FAA's investigation and the Subpoenas satisfy all the conditions necessary for summary enforcement by the court, and the respondents can raise no valid grounds to avoid enforcement. For the foregoing reasons, then, the FAA respectfully urges the court to summarily enforce the Subpoenas.

Respectfully submitted,

DEIRDRE M. DALY
United States Attorney

*/s/ John W. Larson*

John W. Larson (ct28797)
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Fax: 203-773-5373
john.larson@usdoj.gov